UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN BOOK COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:09-CV-112 |
| ) | (VARLAN/GUYTON) |
| CONSOLIDATED GROUP OF ) | |
| COMPANIES, INC., and CHRIS HINN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's Request for Entry of Default [Doc. 5], and Defendants Consolidated Group of Companies, Inc. ("CGC") and Chris Hinn's ("Hinn") Motion to Dismiss [Doc. 8]. Plaintiff has filed a response to the motion to dismiss [Doc. 12] and the defendants have filed a reply [Doc. 13]. The request for entry of default and the motion to dismiss are now ripe for the Court's consideration.

**I.     Relevant Facts**

Plaintiff filed a Complaint [Doc. 1] against defendants on March 16, 2009, alleging CGC, a Canadian corporation, failed to make payments on its accounts with plaintiff. Plaintiff also alleged that Hinn, President of CGC, signed a personal guaranty guaranteeing payment of all indebtedness incurred by CGC to plaintiff on September 3, 2008 [Doc. 1]. Plaintiff further alleged that Hinn executed a corporate and personal continuing guaranty "absolutely and unconditionally guarantee[ing] that [CGC] and Hinn, jointly and severally, w[ould] make prompt payment of debts owed by [CGC] to [ABC]" on November 17, 2008

[Doc. 1]. Plaintiff additionally alleged that defendants CGC and Hinn consented to service by personal service or by registered mail in the event of litigation [Doc. 1].

On May 4, 2009, plaintiff filed a request for entry of default against CGC and Hinn on the grounds that "there has been a failure to plead or otherwise defend as provided in Rule 55(a) of the Federal Rules of Civil Procedure" [Doc. 5]. In an Affidavit in Support of Request for Entry of Default filed contemporaneously with its request for entry of default, plaintiff's counsel maintained that defendants CGC and Hinn "were served on April 2, 2009 through international registered mail"; that the "signed return receipts evidencing service on that date were filed" with the Court; and that more than twenty days had elapsed since process was served without the defendants' having pleaded or otherwise defended the action [Doc. 5-1].

On May 28, 2009, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5) [Doc. 8], and an accompanying memorandum of law [Doc. 9], arguing that:

(1) Hinn signed the September 3, 2008 guaranty, which did permit service by registered mail, in his capacity as President of CGC only;

(2) Hinn signed the November 17, 2008 corporate and personal continuing guaranty in both his individual capacity and on behalf of CGC as President, but did not agree to service by registered mail in that agreement; and

(3) The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention") governs the service requirements in this case, and that plaintiff was required pursuant to that Convention to serve process upon defendants through Canadian judicial officers or officials, which it did not do.

2

Plaintiff filed a response to defendants' motion to dismiss [Doc. 12], arguing that:

    (1)    Defendants consented to service by registered mail when Hinn signed the September 3, 2008 guaranty;

    (2)    Because defendants consented to service by registered mail, the Convention's service requirements do not apply;

    (3)    Even if the Convention's requirements do apply, defendants' motion to dismiss is premature because the time within which plaintiff may effect service has not yet expired; and

    (4)    In any case, defendants' motion is or would soon be moot because plaintiff had initiated the process of serving defendants according to the requirements of the Convention.

Defendants filed a reply [Doc. 13], arguing that Hinn's signature on the September 3, 2008 guaranty was supplied in either his personal or his corporate capacity, but not in both, and that defendants' motion to dismiss was not premature.

This Court has carefully considered the request for entry of default, motion to dismiss, response, and reply in light of the applicable law. For the reasons set forth herein, plaintiff's request for entry of default will be denied, and defendants' motion to dismiss will be denied as moot.

## II.    Analysis

The parties raise a number of legal issues in their motion papers. This Court need only consider a few of those issues at the present time, however, because plaintiff has served process upon defendants in accordance with both the Convention's requirements and defendants' request, within the time period allotted to plaintiff for doing so.

3

Defendants contended in their motion to dismiss that they had not been properly served with process because plaintiff did not serve defendants "through Canadian judicial officers or officials" [Doc. 9]. Plaintiff, contemporaneously with the filing of its response, and out of "an abundance of caution and in the interest of judicial efficiency," initiated service of process in accordance with the requirements of the Convention and the wishes of defendants [Doc. 12]. Return receipt for service of process upon the Ministry of the Attorney General/Ontario Court of Justice was received by the Secretary of State of the State of Tennessee on July 10, 2009 [Docs. 14, 15], 115 days after the complaint was filed.[1] This is within the 120-day period that serves as the minimum time frame within which U.S. plaintiffs must serve foreign defendants.[2] While this unquestionably satisfies the service requirements in this case, the Court notes further that, even if plaintiff's original service of process by registered mail was ineffective, an analysis of that issue would lead the Court to the same result that it reaches now, as the remedy in that situation would be issuance of "a stay in which [p]laintiff could properly effect service." *Cupp v. Alberto-Culver USA, Inc.*, 308 F. Supp. 2d 873, 880 (W.D. Tenn. 2004); *see also Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.

---

[1] The U.S. Department of State identifies the Ministry of the Attorney General in Ontario as the appropriate recipient of service of process for Ontario corporations under the Convention, *see* Judicial Assistance in Canada, Service of Process, Service Pursuant to the Hague Convention of 1965, http://travel.state.gov/law/info/judicial/judicial_682.html (last visited September 30, 2009).

[2] Federal Rule of Civil Procedure 4(m), which requires that defendants be served within 120 days of the filing of the complaint, does not apply under Federal Rule of Civil Procedure 4(f)(1), which governs service of parties in foreign countries. This is because "the vagaries of service of an individual in a foreign country make an application of the one hundred twenty day limit burdensome and unreasonable." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 126 (E.D. Mich. 1994).

1952) ("[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.").

In light of plaintiff's timely and effective service of process on the appropriate Canadian judicial officials, defendants' motion to dismiss will be denied as moot, and plaintiff's request for entry of default will be denied as well.

**III. Conclusion**

Plaintiff's Request for Entry of Default [Doc. 5] is hereby **DENIED**. Defendants' Motion to Dismiss [Doc. 8] is hereby **DENIED** as moot. Defendants are hereby **ORDERED** to file a responsive pleading to plaintiff's complaint within twenty days of entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE