UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN BOOK COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | No. 3:09-CV-112 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| CONSOLIDATED GROUP OF COMPANIES, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| CHRIS HINN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Scheduling Order [Doc. 36] referring discovery disputes in this case to the undersigned for disposition or other action, as appropriate. On June 21, 2010, the Court conducted a telephone conference in this matter to address a discovery dispute regarding deposition scheduling. Attorney Martin Bailey was present representing the Plaintiff, and Attorneys Brent Young and Eric Ebbert were present representing the Defendants.

This case was filed in March 2009; it is a contract dispute regarding approximately one million dollars in unpaid debts. In April 2010, the Scheduling Order [Doc. 36] was entered in this matter, setting the case for trial on January 31, 2011. With this schedule in mind the Plaintiff has attempted to schedule discovery in this matter, but with limited success. Specifically, the Plaintiff has attempted to schedule the following depositions: (1) the deposition of Chris Hinn; (2) the

deposition of a Rule 30(b)(6) representative of the Consolidated Group of Companies, Inc., ("Consolidated); and the deposition of Consolidated through its employee, Orah Bigio.

Following the entry of the Scheduling Order, the Plaintiff advised the Defendants that counsel for the Plaintiff would agree to take the depositions in Canada, the base of operations for Consolidated, and would agree to take the depositions consecutively. The Defendants informed the Plaintiff that the only available dates for these depositions were in January 2011. The Plaintiff would not agree to such late dates, and instead, the Plaintiff filed a Notice to take Depositions [Doc. 37] on June 14, 2010, noticing the three depositions identified above for July 22 and 23, 2010. The Defendants objected to the dates noticed for the depositions, and thus, the matter came before the Court for a discovery conference, via telephone.

During the telephone conference, the Plaintiff stated that it was willing to make reasonable accommodations in relation to the depositions, including traveling to Canada, but the Plaintiff adamantly opposed delaying the depositions until the next calendar year. The Defendants maintained that counsel had agreed to take the depositions in Canada and to take them consecutively. The Defendants noted that Ms. Bigio will be leaving for a sixth-month trip to Israel, and thus, the first date available for consecutive depositions was January 2011. The Defendants stated that Ms. Bigio "has indicated" that she is not available to give a deposition before she leaves for this trip on July 12, 2010, and the Defendants represented to the Court that they were unable to provide any alternative deposition dates for Ms. Bigio, the 30(b)(6) deponent, or Defendant Hinn.

Having heard the parties' positions, having reviewed letters to the Court submitted by the parties, and after conferring with District Judge Varlan, the Court finds as follows.

First, the Court notes that on the day of the telephone conference, the District Court announced that the trial date in this matter will be reset to April 18, 2011. Thus, the January 2011 deposition dates proposed by the Defendants are no longer just a few days before trial. However, the January 2011 dates would fall on the last day available for discovery and after the dispositive motion deadline had expired. Thus, the Court finds that the modified trial date has little effect on the reasonableness of the January 2011 dates.

The Court finds there is no good cause or support for allowing such delay in taking these depositions. This case appears to be a straight-forward contract dispute– the facts of which took no more than a page to plead, [Doc. 1 at 2]. The depositions at issue are key components of the evidence in this matter, and to delay them as requested would pose a substantial hindrance to preparation of this case. In addition, the witnesses' memories of the events at issue are likely to fade, at least to a degree, with each passing month.

Moreover, and perhaps most importantly, the Defendants have not presented convincing support for their position that *all* of the depositions must be delayed until January 2011, nor have they explained why Ms. Bigio cannot be made available for a single afternoon prior to her departure date. The Defendants' only objections are based upon cost, and these objections are not convincing. Further, the Defendants have demonstrated no willingness to make reasonable compromises and concessions in this case.

Based upon the foregoing, the Court finds that the interests of justice and this Court's duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, require that the depositions in this matter take place before January 2011. The Court finds and hereby **ORDERS** that Ms. Bigio be made available for a deposition before she departs for Israel

on **July 12, 2010.** Further, the Court finds and hereby **ORDERS** that Defendant Hinn and Consolidated's Rule 30(b)(6) deponent be made available for a deposition on or before **September 17, 2010**. These deadlines will only be modified upon a showing of **substantial good cause**. Finally, the Plaintiff is given leave to modify its Notice to take Depositions [Doc. 37] to include the revised deposition dates or any change in the location of the deposition.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge