UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN BOOK COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No.: 3:09-CV-112 |
| ) | (VARLAN/GUYTON) |
| CONSOLIDATED GROUP OF ) | |
| COMPANIES, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| CHRIS HINN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Amend submitted by defendant/counter-plaintiff Consolidated Group of Companies, Inc. ("Consolidated") and defendant Chris Hinn ("Hinn" and, together with "Consolidated," the "defendants") [Doc. 53]. Defendants request leave, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend their answer to plead *force majeure* as an affirmative defense [*Id.*]. Plaintiff/counter-defendant American Book Company ("plaintiff") opposes the proposed amendment on the basis that it is untimely, futile, and submitted as a pretext to support defendants' motion for a continuance [Doc. 60]. Defendants submitted a reply arguing that the proposed affirmative defense is neither untimely nor futile [Doc. 68]. The Court has

carefully considered the filings of the parties in light of the applicable law, and, for the reasons explained below, the Court denies the motion to amend.

## I. Procedural Background

Plaintiff commenced this action alleging that it delivered goods, namely books, to Consolidated, for which Consolidated failed to pay [Doc. 1]. Plaintiff also alleges that Hinn executed documents guaranteeing payment for such goods [*Id*.].

Defendants answered the complaint by generally denying the allegations contained therein and asserting various affirmative defenses [Doc. 24]. Defendants then filed an amended answer [Doc. 31]. In the amended answer, Consolidated asserts certain counter-claims against plaintiff, including breach of contract, breach of express warranty, and breach of the implied warranties of merchantability and fitness for a particular purpose [*Id*.]. Defendants now request leave to file a second amended complaint to assert *force majeure* as an affirmative defense [Doc. 53].

## II. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). There are, however, situations where leave to amend should be denied, including "where there is undue delay in filing, a lack of notice and undue prejudice to the nonmoving party, bad faith by the moving party, or when the amendment would be futile." *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, No. 09-CV-11067, 2010 WL 2772446, at *5 (E.D. Mich.

July 13, 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962) and *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)).

A motion to amend is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). *Rose v. Harford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Rule 12(b)(6) motions generally are "made with reference to complaints and not affirmative defenses; but the same basic standard applies." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 WL 261258, at *6 (M.D. Tenn. Feb. 8, 2008) (citation omitted). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III. Analysis**

With respect to plaintiff's argument that the motion to amend is untimely, the Court finds this argument without merit. Pursuant to the terms of the Court's Scheduling Order, motions for leave to amend the pleadings must be filed at least one hundred and twenty (120) days before trial [Doc. 36]. Trial is scheduled for April 18, 2011; accordingly, the deadline

3

for filing motions for leave to amend the pleadings is December 20, 2010.[1] As the instant motion to amend was filed on November 24, 2010, it is timely.

The Court, however, finds persuasive plaintiff's argument that the proposed amendment is futile. As noted, defendants seek leave to amend the answer to assert the affirmative defense of *force majeure* [Doc. 53]. They submit that the defense "was implicated by an act of the United States government when it adopted a regulation requiring that certain items to be used by children–including books–be accompanied by a certificate from an independent party that they are free from lead content" [Doc. 68]. They further submit that "[t]his act of government had a direct effect on the agreement entered into by the parties hereto: goods accompanied by the requisite certificate have greater value than those that are not" [*Id.*].

Although defendants cite to *Trinh v. Citibank, N.A.*, 850 F.2d 1164, 1170 (6th Cir. 1988) for the proposition that *force majeure* "is a French term used to describe acts of God, acts of government, and any other fortuitous cause beyond the control of the parties to a contract," [Doc. 68] the Court notes that *Trinh* addresses *force majeure* in the context of Vietnamese law. The Court cannot discern how Vietnamese law applies to this case, and does not find *Trinh* supportive of the defendants' motion to amend.

---

[1] One hundred and twenty (120) before the trial date is Sunday, December 19, 2010; however, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the deadline becomes Monday, December 20, 2010.

As plaintiff points out, under Tennessee law,[2] the defense of *force majeure* is known as "an Act of God," and "any misadventure or casualty is said to be caused by the 'Act of God' when it happens by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention . . . [and] must be of such character that it could not have been prevented or escaped from by any amount of foresight or prudence, or by the aid of any appliances which the situation of the party might reasonably require him to use" [Doc. 60 (citations and quotation marks omitted)]. The event defendants contend underlies the proposed *force majeure* defense, that is the government regulation, fails to meet this standard. A government regulation is not a "force of nature, uncontrolled or uninfluenced by the power of man and without human intervention."

Moreover, Black's Law Dictionary (9th ed. 2009) defines "*force majeure*" as follows: "An event or effect that can be neither anticipated nor controlled. The term includes both acts of nature (e.g., floods and hurricanes) and acts of people (e.g., riots, strikes, and wars)." It appears to the Court from the proposed second amended answer, affirmative defenses and counterclaims [Doc. 53-1], that defendants allege plaintiff assured them that the goods to be delivered would be properly certified as free from lead content [*See also* Doc. 68 (noting that the books were to be "accompanied by the agreed upon certificate that they were free from

---

[2] As this is a diversity action, Tennessee law governs the substantive issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Although defendants assert in the amended answer that "applicable provisions of international law should govern the relevant transactions between the parties at issue" [Doc. 31], the only "international law" cited by defendants is Vietnamese law, and, as noted, the Court cannot discern how such law is applicable to this case.

lead content")]. If true, and considering the proposed amendment under this general definition, the Court cannot comprehend how the alleged government regulation was not anticipated such that it could support the defense of *force majeure*.[3]

## IV. Conclusion

For the reasons explained above, the Court **DENIES** the Motion to Amend submitted by defendant/counter-plaintiff Consolidated Group of Companies, Inc. and defendant Chris Hinn [Doc. 53].

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that this rationale would preclude defendants' proposed amendment even under *Trinh*. 850 F.2d at 1170.