UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN BOOK COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | No. 3:09-CV-112 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| CONSOLIDATED GROUP OF COMPANIES, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| CHRIS HINN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Order of the District Judge [Doc. 96] referring the Plaintiff's Renewed Motion for Sanctions for Defendants' Continued Refusal to Submit to Deposition Discovery in Contempt of the February 7, 2011 Memorandum and Order [Doc. 95], for report and recommendation.

**I.  BACKGROUND**

The instant case was brought by the Plaintiff seeking collection for debts, to which the Defendants have responded with a number of counterclaims. The history of the discovery issues in this case has been documented in the Court's previous Orders. [See Docs. 43, 51, 58, and 89]. The

events surrounding the ongoing discovery issues in this case, including the yet-to-be-completed deposition of Chris Hinn, can be summarized as follows.

In June 2010, the Plaintiff noticed Mr. Hinn's deposition and the deposition of Orah Bigio, an employee of Consolidated Group, for mid-July 2010. The Defendants responded that Ms. Bigio would not be available until January 2011 and argued the depositions should be set for consecutive dates in January 2011. The Court found this position was not well-taken, and the Court ordered that Mr. Hinn make himself available for a deposition on or before September 17, 2010. [Doc. 43 at 4].

Pursuant to the Court's Order, Defendant Hinn's deposition began at approximately 9:00 a.m. on August 3, 2010, in Toronto, Canada. The parties took a lunch break at approximately 12:00 p.m., and following this break, Defendant Hinn did not return to the deposition. He complained of chest pains to his counsel, and at the time the deposition was to reconvene, counsel stated on the record, that Defendant Hinn had left to seek appropriate medical care. [See Doc. 51].

Given this abrupt end of the initial deposition, the issue of Mr. Hinn's deposition came before the Court again. In an Order [Doc. 51] entered November 1, 2010, the Court ordered Mr. Hinn to produce certain documents and ordered the parties to reconvene the deposition at a time and date of their choosing. On November 9, 2010, the Plaintiff filed a Notice of Resumption of Defendants Depositions [Doc. 52], which set Mr. Hinn's deposition for December 16, 2010, in Toronto, Canada.

Mr. Hinn did not meet a deadline for document production ordered by the Court, and on December 6, 2010, the Court afforded him a one-week extension for production of these documents, making the documents due to opposing counsel on December 8, 2010. [Doc. 58].

Just three days later, on December 9, 2010, Mr. Hinn moved the Court to quash the Notice of Deposition, because "certain recent medical tests had revealed his need to undergo major

abdominal surgery." [Doc. 61 at 2]. In support of his Motion to Quash, Mr. Hinn supplied the Court with a note from his family physician, dated November 1, 2010, stating that Mr. Hinn had been under the physician's care in August 2010 but making no mention of surgery. [Doc. 61-1]. Mr. Hinn thereafter provided a note from his family physician, dated December 8, 2010, which in its entirety stated, "Chris Hinn is having surgery and is on a program that is giving him side effects until the end of January." [Doc. 66]. On December 14, 2010, the Court granted the Motion to Quash. [Doc. 67].

Mr. Hinn's deposition was noticed a third time. [Doc. 71]. It was set to take place January 14, 2011, at 9:00 a.m.

It is undisputed that Mr. Hinn presented for his deposition in Toronto, Canada, on January 14, 2011. Counsel for each party, along with corporate representatives for the Plaintiff, traveled to Toronto, Canada, for this deposition. Mr. Hinn was sworn in at approximately 9:10 a.m. Counsel began the deposition with a brief discussion of how the time for deposing Mr. Hinn should be calculated, since Mr. Hinn sat for a portion of his deposition in August. [Doc. 76-4 at 3-4]. Counsel took a moment off the record to discuss this point further. [Doc 76-4 at 4-5]. When the deposition resumed twenty minutes later, Mr. Hinn had left the venue for the deposition, telling his counsel only that he was "not feeling well." [Doc. 76-4 at 5].

On January 18, 2011, the Plaintiff filed a Motion for Sanctions [Doc. 76], and on January 31, 2011, counsel for the Defendants filed a Motion to Withdraw as Counsel [Doc. 82]. On February 4, 2011, the Court conducted a hearing to address this motions. Thereafter, the Court entered an Order [Doc. 89], granting both motions in part.

The Court ordered that Attorneys Eric Ebbert and Brent Young were to continue representing the Defendants through February 18, 2011. Thereafter, they would be allowed to withdraw as

3

counsel of record for the Defendants. The Court directed the Defendants to file a notice of their intention to retain counsel or to proceed *pro se* with the Clerk of Court, on or before February 18, 2011. [Doc. 89 at 8].

The Court also ordered that Mr. Hinn sit for a deposition in Knoxville, Tennessee, on or before February 28, 2011. [Doc. 89 at 6]. The Court further ordered that the Defendants pay the Plaintiff $9,449.64, to compensate for resources expended on the cancelled deposition, on or before February 28, 2011. [Doc. 89 at 6].

In ordering these sanctions, the Court made the following admonition:

> The Court, however, hereby **ADMONISHES** the Defendants that if they should fail to comply with the discover process, the Federal Rules of Civil Procedure, or the Orders of this Court, in the future, the Court **WILL RECOMMEND DISMISSAL** of the Defendants' counterclaims and that the District Judge **PRECLUDE** the Defendants from asserting any of their affirmative defenses in this matter.

[Doc. 89 at 6].

On February 11, 2011, the Plaintiff filed a Notice of Resumption of the Deposition of Chris Hinn, Including Production of Documents [Doc. 90], which stated the Plaintiff's intention to resume the deposition on February 21, 2011, at 9:00 a.m. [Doc. 90]. On February 17, 2011, the Defendants filed a Notice [Doc. 91], stating that the Defendants intended to retain new counsel in this matter and that Mr. Hinn intended to appear for his deposition in Knoxville, Tennessee, on February 28, 2011. Thus, on February 18, 2011, the Plaintiff filed a second Notice of Resumption [Doc. 92], which reset the date of the deposition to February 28, 2011, apparently to accommodate Mr. Hinn's intentions.

On February 28, 2011, the Plaintiff filed the instant motion with, *inter alia*, an affidavit of Andrew Colocotronis, counsel for the Plaintiff. In his affidavit, Mr. Colocotronis states that the

4

Defendants have not paid any portion of the $9,449.64 sanction the Court ordered paid by February 28, 2011. [Doc. 95-1 at ¶ 4]. Further, Mr. Colocotronis states that Mr. Hinn cancelled his deposition less than 24 hours before it was to take place, causing the Plaintiff to incur $1,634.50 in fees and expenses. [Doc. 95-1 at ¶ 5]. Mr. Colocotronis attests that the emails attached to his affidavit are true and accurate copies of the correspondence he received from Mr. Hinn and his counsel in Canada. [Doc. 95-1 at ¶ 3].

These emails reveal that at 11:30 a.m. on February 27, 2011, Mr. Hinn sent Mr. Colocotronis an email stating that he "will not be making it [into K]noxville tomorrow." [Doc. 95-2]. Mr. Hinn notes that he has retained new counsel and will be filing a motion "to extend the matter to get familiar with [the] file and get new dates." [Doc. 95-2 at 1]. Mr. Colocotronis responded by informing Mr. Hinn in a lengthy email that his failure to attend the deposition would be a violation of the Court's orders and that the Plaintiff would pursue sanctions if Mr. Hinn failed to attend. [Doc. 95-2 at 2]. Mr. Hinn acknowledged his receipt of this email by stating, "Good luck." [Doc. 95-2 at 3].

On March 3, 2011, the Court granted, in part, the Plaintiff's Motion for Expedited Hearing [Doc. 94], which was filed with the Motion for Sanctions. The Court found that a hearing on the issues presented in the Motion for Sanctions was not necessary, at this time. [Doc. 97 at 2]. However, the Court found the request to expedite resolution of this issue to be well-taken, and the Court abbreviated the briefing schedule on the Motion for Sanctions. The Court ordered that the Defendants file their response to the Motion for Sanctions on or before March 8, 2011. [Doc. 97 at 2]. A copy of the Order [Doc. 97] was delivered to the Defendants, at the address on file with the Court, via Federal Express International Service on the morning of March 4, 2011.

The Defendants did not file a response to the Motion for Sanctions on or before March 8, 2011.

## II. ANALYSIS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a party or a party's officer, fails to obey an order to provide or permit discovery or fails, after being served with proper notice, to appear for that person's deposition, the court may issue further just orders, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2); see also Fed. R. Civ. P. 37(d)(1). Where a party has failed to attend his or her deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The Court of Appeals for the Sixth Circuit has outlined factors to be considered in reviewing the imposition of sanctions including:

> (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir. 1988).

In this case, the Plaintiff has prepared for and appeared at three depositions, at which Mr. Hinn, both as a Defendant and as a corporate representative, has either failed to appear or appeared without completing the deposition. In addition, the Plaintiff has now spent over eight months attempting to complete Mr. Hinn's deposition, while incurring resistance or obstruction at every step of the process. At present, just six weeks before this matter is set to proceed to trial, the Plaintiff has not been afforded the opportunity to complete the deposition of the key witness in this matter. The Court finds that the Plaintiff has suffered prejudice.

The Court further finds that the Defendants have been warned in the most certain terms that failure to cooperate in discovery in this matter would result in sanctions. The Defendants have chosen to ignore these warnings.

In addition, the Court finds that less drastic sanctions, such as monetary sanctions, have been imposed in an effort to motivate Mr. Hinn and Consolidated Group to participate in discovery in this case. These less drastic sanctions have not motivated the Defendants to comply either with the Federal Rules of Civil Procedure or the Orders of this Court.

Finally, the Defendants have failed to file a timely response to the Motion for Sanctions. Pusurant to Local Rule 7.2 this "failure to respond to a motion may be deemed a waiver of any

opposition to the relief sought." E.D. Tenn. LR 7.2.

Accordingly, having considered the provisions of Rule 37 and the Court of Appeals' directives on the imposition of sanctions in light of the circumstances presented in this case, the undersigned will recommend dismissal of the Defendants' counterclaims pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The undersigned will further recommend that the District Judge preclude the Defendants from asserting any of their affirmative defenses in this matter pursuant to Rule 37 (b)(2)(A)(i) & (iii), and finally, the undersigned will recommend that the Plaintiff be awarded an additional $1,634.50 in monetary sanctions, representing the cost incurred by Mr. Hinn's failure to appear on February 28, 2011, pursuant to Rule 37 (b)(2)(C) and (d)(3).

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS**[1] that the Motion for Sanctions **[Doc. 95]** be **GRANTED**. The undersigned **RECOMMENDS** that the Defendants' counterclaims be dismissed. The undersigned further **RECOMMENDS** that the Court preclude the Defendants from asserting any of their affirmative defenses in this matter, and finally, the Court **RECOMMENDS** that the Court award the Plaintiff an additional **$1,634.50** in monetary sanctions.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).