UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| AMERICAN BOOK COMPANY, | ) | |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | No.: 3:09-CV-112 |
| | ) | (VARLAN/GUYTON) |
| CONSOLIDATED GROUP OF COMPANIES, INC., | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| and | ) | |
| CHRIS HINN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' failure to respond to the Court's April 6, 2011 order directing defendants to show cause why default judgment should not be entered against them [Doc. 113].

**I.　BACKGROUND**

On or about March 16, 2009, plaintiff American Book Company ("plaintiff") commenced this action against defendants Chris Hinn ("defendant Hinn") and Consolidated Group of Companies, Inc. ("defendant Consolidated") [Doc. 1]. Plaintiff alleges that on September 3, 2008, defendant Hinn signed a personal guaranty, attached as exhibit A to the complaint, which guaranteed payment of all indebtedness incurred by defendant Consolidated to plaintiff [*Id.*]. Plaintiff also alleges that it extended credit and delivered

goods to defendant Consolidated, who has failed to make payments on its accounts and thus owes plaintiff $119,622 for goods delivered as of September 30, 2008 [*Id.*].

Plaintiff further alleges that on November 17, 2008, defendant Hinn executed a corporate and personal guaranty individually and on behalf of defendant Consolidated, attached as exhibit B to the complaint, which absolutely and unconditionally guarantees that defendant Consolidated and defendant Hinn, jointly and severally, will make prompt payment of debts owed by defendant Consolidated to plaintiff [*Id.*]. In return, plaintiff promised to extend credit to defendant Consolidated as to the sales of books [*Id.*]. Plaintiff asserts that defendant Consolidated owes plaintiff $959,125.55 for goods delivered by plaintiff in December 2008 and January 2009 [*Id.*].

## II. PROCEDURAL HISTORY

On May 28, 2009, defendants filed a motion to dismiss arguing that the Court should dismiss the action pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure for insufficient process and/or insufficient service of process [Doc. 8]. Such motion later was denied as moot [Doc. 22].

On August 25, 2009, defendants' counsel, Eric Ebbert ("Ebbert") and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), filed a motion to withdraw as counsel [Doc. 16]. Ebbert and Baker Donelson asserted that they were unable to secure the cooperation of defendants after repeated attempts to do so and that defendants failed to comply with the terms of their engagement agreement [*Id.*]. The Court granted the

motion and permitted Ebbert and Baker Donelson to withdraw as counsel of record [Doc. 17].

On December 15, 2009, plaintiff filed a motion for entry of default against defendants [Doc. 23]. Soon thereafter, Ebbert, who reappeared as counsel for the defendants, filed an answer [*See* Docs. 24, 26]. In the answer to the complaint, defendants denied the allegations that they owe plaintiff anything [Doc. 24]. Defendants also set forth several affirmative defenses: that the complaint fails to state a claim upon which relief can be granted; that plaintiff's claims are barred in whole or part by the doctrines of laches, waiver, unclean hands, and/or estoppel; that plaintiff failed to mitigate damages; that plaintiff's claims are barred in whole or part by the doctrine of first material breach; that plaintiff's claims are barred by applicable provisions of the Uniform Commercial Code; and that plaintiff's claims are barred in whole or part by the defense of failure of consideration [*Id.*].

A Rule 26(f) planning meeting was held on January 11, 2010 [Doc. 30], after which defendants filed an amended answer [Doc. 31]. In addition to what was stated in their original answer, defendants asserted that the guarantees attached to the complaint fail to conform with applicable law in that they do not contain any description, amount, or price of the goods and that the goods delivered to defendants by plaintiff were non-conforming and that defendants properly rejected them [Doc. 31]. Defendants also asserted additional affirmative defenses, including: that there was no legally cognizant offer or acceptance of the purported contract nor any meeting of the minds between the parties; that plaintiff's claims are barred by the statute of frauds; that plaintiff's claims are barred by the defense of

illegality; that exhibit A to the complaint purports to establish a credit limit of either $20,000 or $50,000 and damages should be limited accordingly; that exhibit B to the complaint purports to establish a credit limit of $1,000,000 and damages should be limited accordingly; that plaintiff made a demand and filed suit before amounts were due; and that provisions of international law should govern the relevant transactions between the parties [*Id.*]. In addition, defendants asserted counterclaims against plaintiff: breach of contract, breach of express warranty, and breach of the implied warranties of merchantability and fitness for a particular purpose [*Id.*].

Discovery commenced, and around June 2010 the parties began having discovery disputes [*See* Doc. 43]. The first of these disputes related to the scheduling of depositions for defendant Hinn and an employee of defendant Consolidated, Orah Bigio ("Bigio") [Doc. 43]. Defendants sought to delay the taking of these depositions, but Magistrate Judge Guyton found no good cause for doing so [*Id.*]. Accordingly, he ordered that Bigio be made available for a deposition before July 12, 2010 and that defendant Hinn be made available for a deposition on or before September 17, 2010 [*Id.*].

On October 28, 2010, Magistrate Judge Guyton held a telephonic conference to address another discovery dispute regarding deposition scheduling [Doc. 50]. Defendant Hinn's deposition commenced on August 3, 2010, and before breaking for lunch, defendant Hinn, in response to a line of questioning about invoices and products, suggested that he do a spreadsheet for plaintiff, to which plaintiff agreed [Doc. 51]. Following the break for lunch, defendant Hinn did not return to the deposition complaining of chest pains [*Id.*].

4

Magistrate Judge Guyton ordered that defendant Hinn had to produce the spreadsheet by December 1, 2010 and that his deposition was to reconvene in Canada following such production [*Id*.]. Plaintiff noticed defendant Hinn's deposition for December 16, 2010 in Toronto, Canada [Doc. 52].

Thereafter, on November 24, 2010, defendants filed a motion to amend the answer and a motion to continue the trial [Docs. 53, 54]. The Court denied the motion to continue for several reasons, including because the parties were not in agreement that a continuance was warranted and because defendants appeared to be the cause of much of the delay in this case [Doc. 63]. It also denied defendants' motion to amend, finding the proposed amendment futile [Doc. 74].

On December 1, 2010, defendants filed a motion for an extension to file the spreadsheet [Doc. 55]. On referral, Magistrate Judge Guyton ordered that the defendants would have up to and including December 8, 2010 to produce the spreadsheet [Doc. 58].

On December 9, 2010, defendants filed a motion to quash the deposition of defendant Hinn set for December 16, 2010 because he was scheduled for surgery [Doc. 61]. On referral, Magistrate Judge Guyton granted the motion and ordered that the parties decide upon a new date for defendant Hinn's deposition on or before December 15, 2010 [Doc. 67]. Plaintiff noticed defendant Hinn's deposition for January 14, 2010 in Toronto, Canada [Doc. 71].

On December 20, 2010, defendants filed a motion for an extension to disclose expert testimony [Doc. 72]. Over plaintiff's objection, the Court granted in part and denied in part,

ordering that defendants file any expert testimony on or before ninety (90) days before trial [Doc. 75].

On January 18, 2011, plaintiff filed a motion for sanctions for defendant Hinn's refusal to submit to deposition examination on January 14, 2011 [Doc. 76],[1] and on January 21, 2011, plaintiff filed a motion to strike or exclude Jay Knox ("Knox") as an expert witness, both of which were referred to Magistrate Judge Guyton [Docs. 77, 79, 81]. On January 31, 2011, defendants' counsel moved to withdraw as counsel of record [Doc. 82], which also was referred to Magistrate Judge Guyton [Doc. 83]. Magistrate Judge Guyton heard arguments on these motions and allowed defendants' attorneys to withdraw as counsel of record as of February 18, 2011, unless defendants found substitute counsel before then,[2] and granted in part and denied in part the motion for sanctions to the extent that he ordered defendant Hinn to appear for his deposition in Knoxville, Tennessee on or before February 28, 2011 and that defendants pay plaintiff $9,449.64 in compensation for the cancelled

---

[1] Magistrate Judge Guyton summarized the facts surrounding this motion:

> Counsel for each party, along with corporate representatives for the Plaintiff, traveled to Toronto, Canada, for this deposition. Mr. Hinn was sworn in at approximately 9:10 a.m. Counsel began the deposition with a brief discussion of how the time for deposing Mr. Hinn should be calculated, since Mr. Hinn sat for a portion of his deposition in August. Counsel took a moment off the record to discuss this point further. When the deposition resumed twenty minutes later, Mr. Hinn had left the venue for the deposition, telling his counsel only that he was "not feeling well."

[Doc. 89 (citations omitted)].

[2] Defendants' counsel provided a notice of their withdrawal on February 19, 2011 [Doc. 93]. No substitute counsel has appeared in their place.

deposition [Doc. 89]. He warned defendants that he would recommend dismissal of their counterclaims and preclusion of their affirmative defenses in the event they failed to comply with the discovery process, the federal rules, or the orders of the Court [*Id*.]. Magistrate Judge Guyton also granted plaintiff's motion regarding Knox, ordering that Knox be excluded from testifying at the trial due to defendants' failure to timely disclose him pursuant to Rule 26(a) [Doc. 108].

Plaintiff noticed defendant Hinn's deposition for February 21, 2010 in Knoxville, Tennessee, which was changed to February 28, 2011 upon defendant Hinn's request [Docs. 90, 92, 95]. On February 27, 2010, defendant Hinn informed counsel for plaintiff that he would not be appearing at his deposition [Doc. 95]. Thus, on the next day, plaintiff filed another motion for sanctions along with a motion for an expedited hearing [Docs. 94, 95]. Both motions were referred to Magistrate Judge Guyton, who filed a report and recommendation that the motion for sanctions be granted, that the Court dismiss defendants' counterclaims and affirmative defenses, and that the Court award plaintiff an additional $1,634.50 in monetary sanctions [Doc. 98]. The Court accepted in whole the recommendation and granted the motion for sanctions [Doc. 109].

On March 18, 2011, plaintiff filed a motion for an extension to file pretrial documents [Doc. 99], which the Court granted [Doc. 100]. Before that extension expired, plaintiff filed the following: a witness list [Doc. 101], a motion in limine to exclude witness Knox [Doc. 102], a motion in limine to exclude witness Hinn [Doc. 104], an exhibit list [Doc. 106], and proposed findings of fact [Doc. 107]. Neither plaintiff nor defendants, however, filed an

7

agreed pretrial order as required by the Court's scheduling order, and the Court accordingly ordered that the parties either file such on or before April 5, 2011 or show cause why an agreed pretrial order had not been filed [Doc. 110]. On April 5, 2011, plaintiff responded to the Court's order and asserted that plaintiff's counsel emailed defendant Hinn with a copy of plaintiff's proposed pretrial order and asked defendant Hinn to contact plaintiff with changes and defendants' theory of the case so that an agreed pretrial order could be submitted pursuant to the Court's order, but defendant Hinn never responded [Doc. 111].

On April 6, 2011, a final pretrial conference was held. Present was Andrew L. Colocotronis, counsel for plaintiff. No one was present for defendants. Given that defendants failed to appear, and in light of defendants' failure to file anything in this case since their counsel withdrew from representing them, plaintiff's counsel moved for default. The same day, the Court entered an order directing defendants to show cause why default judgment should not be entered against them on or before Wednesday, April 13, 2011 [Doc. 113].[3] The Court advised defendants that, should they fail to respond to the order or fail to sufficiently demonstrate why default judgment should not be entered against them, the Court would grant plaintiff's motion and enter default judgment. Defendants failed to respond.

---

[3] The Court also ordered that plaintiff send defendants a copy of the show cause order to their last known address by overnight mail as soon as practicably possible [Doc. 113]. On April 13, 2011, plaintiff provided the Court with notice that it complied with this order by serving a copy of the order upon defendants on April 7, 2011 by Federal Express [Doc. 114]. Plaintiff informs the Court that the package containing the order was signed by defendant Consolidated "representative Josie" [*Id.*].

## III. ANALYSIS

Pursuant to Rule 16(f), when a party fails to appear at a pretrial conference, is substantially unprepared to participate—or does not participate in good faith—in the conference, or fails to obey a scheduling or other pretrial order, the Court may issue any order authorized by Rule 37(b)(2)(A)(ii) through (vii). Fed. R. Civ. P. 16(f). Rule 37 authorizes the following orders:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

As noted above, plaintiff has requested that the Court render a default judgment against defendants. Rendering default judgment, however, is an "extreme sanction" and should not be imposed absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2011 WL 1060744, at *1-2 (E.D. Mich. Mar. 23, 2011) (citations omitted). When a district court uses this extreme sanction, four factors must be considered: "1) whether the disobedient party acted in willful

bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (unpublished) (citation omitted).

The Court believes rendering default judgment against defendants Hinn and Consolidated is appropriate given their conduct in this case. Among other things, defendants have failed to produce defendant Hinn to complete his deposition despite being ordered to do so, defendants have failed to pay the monetary sanctions imposed by Magistrate Judge Guyton related to a cancelled deposition, defendants failed to identify a witness in its initial disclosures whom they intended on calling as an expert, and, with respect to the final pretrial conference, defendants failed both appear and to work with plaintiff in submitting an agreed pretrial order even though they were ordered to do so by the Court. Defendants further failed to respond to the Court's order directing them to show cause why default should not be entered against them. Defendants' conduct only can be construed as willful and in bad faith.

Defendants' conduct also has frustrated plaintiff's efforts to litigate this lawsuit. Thus, the Court finds that plaintiff has suffered prejudice.

In addition, defendants have been warned that sanctions could be imposed for failing to comply with orders of the Court and they have been made aware of the sanctions set forth in Rule 37. Indeed, the Court specifically warned defendants that default would be entered against them in the event they failed to respond to the Court's April 6, 2011 order.

Finally, the Court already has ordered that defendants are precluded from asserting their affirmative defenses and counterclaims as a result of their conduct, itself a drastic sanction. The Court therefore finds that no less drastic sanction than default is warranted.

In sum, although default judgment is an extreme sanction, all considerations indicate that default judgment should be entered against defendants in this case.

**IV. CONCLUSION**

For the reasons explained herein, the Court finds plaintiff's motion for entry of default judgment well-taken and the same will be **GRANTED**. Accordingly, the Court will **ORDER** that default judgment against defendants Chris Hinn and Consolidated Group of Companies, Inc. be entered in this case. A hearing to determine damages will be held on April 18, 2011 at 9:00 a.m. before the undersigned. Plaintiff will be **ORDERED** to send defendants a copy of this order to their last known addresses by overnight mail as soon as practicably possible. The Clerk, likewise, will be **DIRECTED** to send defendants a copy of this order by standard first class U.S. mail to their last known addresses.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE