UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICA BOOK COMPANY, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> CONSOLIDATED GROUP OF ) <br> COMPANIES, INC., ) <br> ) <br> Defendant/Counter-Plaintiff, ) <br> ) <br> and ) <br> ) <br> CHRIS HINN, ) <br> ) <br> Defendant. ) | No.: 3:09-CV-112 <br> (VARLAN/GUYTON) |

## **ORDER**

This matter came before the Court on April 18, 2011 for a hearing on damages [*See* Doc. 116]. Present for plaintiff American Book Company was Andrew L. Colocotronis, counsel for plaintiff, and Patrick O'Connor, President of American Book Company. No one was present for defendants.

**I.  BACKGROUND**

The history of this case is outlined in the Court's memorandum opinion dated April 15, 2011 [Doc. 115]. In relevant part, it provides:

> On April 6, 2011, a final pretrial conference was held. Present was Andrew L. Colocotronis, counsel for plaintiff. No one was present for defendants. Given that defendants failed to appear, and in light of defendants' failure to file anything in this case since their counsel withdrew from representing them, plaintiff's counsel moved for default. The same day, the Court entered an

order directing defendants to show cause why default judgment should not be
entered against them on or before Wednesday, April 13, 2011 [Doc. 113]. The
Court advised defendants that, should they fail to respond to the order or fail
to sufficiently demonstrate why default judgment should not be entered against
them, the Court would grant plaintiff's motion and enter default judgment.
Defendants failed to respond.

[Doc. 115 (footnote omitted)]. Because defendants failed to respond, and for the reasons outlined in the Court's April 15, 2011 memorandum opinion, the Court granted plaintiff's motion for entry of default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure and scheduled a hearing to determine damages.[1]

At the hearing to determine damages, plaintiff presented the testimony of Mr. O'Connor as well as two exhibits: a collection of invoices issued to defendant Consolidated Group of Companies, Inc. ("defendant Consolidated") by plaintiff and a calculation of damages for this case. Plaintiff requested that the Court award plaintiff compensatory damages totaling $1,078,747.55, prejudgment interest totaling $463,325.30, attorney fees totaling $83,764.64, and sanctions totaling $11,083.64.

In support of its request for damages, plaintiff presented the testimony of Mr. O'Connor, who noted that he is familiar with defendant Consolidated's purchase of books from plaintiff. Mr. O'Connor testified that no payments were made on the invoices submitted as collective exhibit 1 to the hearing, which total $1,078,747.55. Plaintiff also pointed to the guarantees, which provide that defendants must pay collection fees and costs

---

[1] The Court notes that it also directed plaintiff to send defendants a copy of the Court's April 15, 2011 order by overnight mail [Doc. 116]. Plaintiff provided the Court with notice that it complied with this order on the same day [Doc. 117].

2

in the event plaintiff commences litigation or employs attorneys or agencies to secure payment from defendants, as well as the invoices sent to defendant Consolidated, which provide that a carrying charge of 1.5% applies each month to all late balances. Plaintiff also pointed out that the guarantees provide that defendants will pay attorney fees in the event plaintiff prevails in any litigation. With respect to the reasonableness of the attorney fees sought, plaintiff's counsel represented that the fees sought are reasonable because the defendants were very engaged in this litigation for an extended period of time, the parties engaged in extensive discovery, and plaintiff had to respond to defendants' counterclaims and affirmative defenses.[2] Finally, with respect to the Court's orders that defendants pay plaintiff monetary sanctions,[3] Mr. O'Connor testified that defendants have failed to comply with those orders.

## II. FINDINGS

Plaintiff is a Tennessee corporation engaged in buying and selling books. Defendant Consolidated is a Canadian corporation, and defendant Chris Hinn ("defendant Hinn") is the President of that company.

---

[2] Plaintiff's counsel also represented that the amount sought for attorney fees excludes attorney fees associated with the monetary sanctions issued by the Court.

[3] On February 7, 2011 the Court ordered that defendants pay plaintiff $9,449.64 in monetary sanctions to compensate plaintiff for resources expended on defendant Hinn's cancelled January 14, 2011 deposition, and on March 31, 2011, the Court ordered defendants pay an additional $1,634.50 in monetary sanctions to compensate plaintiff for the cost incurred as a result of defendant Hinn failing to appear on February 28, 2011 for his deposition [*See* Docs. 89, 109].

Defendant Consolidated placed orders for cookbooks and children's books with plaintiff, and plaintiff shipped those books to defendant Consolidated. Defendant Hinn signed both a personal guarantee as well as a Corporate and Personal Continuing Guaranty on behalf of defendant Consolidated and himself, each of which guaranteed payment to plaintiff for the purchase of the books. Mr. O'Connor demanded payment for the books, but no payment was received.

With respect to compensatory damages, the Court finds, on the basis of Mr. O'Connor's testimony and the record in this case, that defendants were contractually bound to remit $1,078,747.55 to plaintiff for the sale of cookbooks and children's books, but failed to do so. The Court also finds, after reviewing the guarantees and invoices submitted to the Court, that defendants owe plaintiff $463,325.30 in prejudgment interest. Further, after reviewing the guarantees and hearing the testimony of Mr. O'Connor, the Court finds that defendants owe plaintiff $83,764.64 in attorney fees, which, based on counsel for plaintiff's representations, are reasonable. Finally, the Court finds that defendants have failed to comply with the Court's orders directing them to pay plaintiff $11,083.64 in monetary sanctions.

### III. CONCLUSION

Based upon the findings set forth above, it is hereby **ORDERED, ADJUDGED and DECREED** that judgment is awarded in plaintiff's favor against defendants as follows:

1) defendants are to pay plaintiff $1,078,747.55 in compensatory damages;

2) defendants are to pay plaintiff $463,325.30 in prejudgment interest;

3) defendants are to pay plaintiff $83,764.64 in reasonable attorney fees; and

4) defendants are to pay plaintiff the $11,803.64 in sanctions previously awarded by the Court.

The Clerk is **DIRECTED** to send defendants a copy of this order by standard first class U.S. mail to their last known addresses.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE